UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MOLLY MAID,**
**INCORPORATED,**

        **Plaintiff,**          **CIVIL ACTION NO. 10-CV-13337**

   vs.

                             **DISTRICT JUDGE ARTHUR J. TARNOW**

**RONALD L. O'DANIEL,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** Plaintiff's Motion to Set Aside Clerk's Entry of Default And For Leave To File Plaintiff's First Amended Complaint (docket no. 8) should be **GRANTED** and the Court should set aside the default entered against Defendants on November 12, 2010 and allow Plaintiff 21 days to file and serve a First Amended Complaint.

**II.**    **REPORT:**

    **A.**    **Factual Background**

Plaintiff is a national franchisor of "Molly Maid" franchises. Plaintiff alleges that Defendant O'Daniel is principal and sole shareholder of Defendant River City Investments, Inc. (together "Defendants"). (Docket no. 1). Plaintiff alleges that it owns proprietary marks "Molly Maid" and related designs and has proprietary business policies, procedures and standards that its franchisees are licensed to use. (Docket no. 1). Plaintiff alleges that it entered into a franchise agreement with Defendant O'Daniel for a term of ten years. (Docket no. 1). Plaintiff alleged that in June 2010 it

served a notice of default on Defendants for their failure to operate in accordance with Plaintiff's standards and specifications. Plaintiff alleged that Defendants defaulted under the franchise agreement, including by operating a competing business and failing to report sales. Plaintiff alleged that Defendants continued to operate the competing business and use Plaintiff's propriety marks and confidential information. On August 23, 2010, Plaintiff filed its Complaint bringing claims for trademark infringement, false representations and false designation of origin, common law infringement, common law unfair competition, breach of in-term covenant, breach of contract, unjust enrichment, accounting, and seeking declaratory judgment. (Docket no. 1).

Defendants did not answer Plaintiff's Complaint. (Docket nos. 1-3, 5). On November 12, 2010 Plaintiff requested a clerk's entry of default as to both Defendants. (Docket no. 6). The Clerk entered the Default the same day. (Docket no. 7). On February 28, 2011 Plaintiff filed its Motion To Set Aside Clerk's Entry Of Default And For Leave To File Plaintiff's First Amended Complaint. (Docket no. 8). The matters were referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A)[1]. (Docket no. 9). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The matters are now ready for ruling.

**B.     Standard**

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, . . . ." Fed. R. Civ. P. 55(c). The Court must weigh three factors when considering a motion to set aside a default: (1) "whether the plaintiff will be prejudiced from reopening the case," (2) "whether the defendant has a meritorious defense," and (3) "whether

---

[1] The undersigned considers and makes a recommendation on these matters pursuant to 28 U.S.C. § 636(b)(1)(B).

culpable conduct of the defendant led to the default." *Berthelsen v. Kane*, 907 F. 2d 617, 620 (6th Cir. 1990).

### C. Analysis

#### 1. *Plaintiff's Request To Set Aside Default*

Plaintiff argues in its Brief that there is prejudice to neither Plaintiff nor Defendants in setting aside the default against Defendants. The Court agrees. *See Samona v. Bradley*, 2011 EL 219572 (E.D. Mich. 2011) ("Certainly, the court is persuaded that Plaintiff will not be prejudiced by the granting of its own motion, nor is it the court's role to protect a represented party from its own decisions. The court need delve no deeper into the issue of prejudice."). As to the second factor, Plaintiff itself argues that Defendant may have a meritorious defense to at least one claim set forth in the Complaint. Plaintiff points out that it "finds itself in a unique position of raising a meritorious defense on the Defendant's behalf." (Docket no. 8, p. 18 of 25). Plaintiff is willing to speculate that Defendants may raise a defenses to its Counts V or IX, arguing that Defendants are no longer subject to the In-Term Covenant Not To Compete. (Docket nos. 1, 8). The Court should conclude that Defendants may have meritorious defenses to one or more of Plaintiff's claims.

Finally, Plaintiff argues that the third factor, whether the default was the result of Defendants' culpable conduct, need not be considered by the Court where the first two factors favor setting aside the default. *Shepard Claims Serv., Inc. v. William Darrah & Associates*, 796 F.2d 190, 194 (6th Cir. 1986). Further, there is no evidence or allegation of willful conduct by Defendant which resulted in the default. The Court finds that Plaintiff has shown good cause to set aside the default against Defendants.

### *2.     Plaintiff's Request For Leave To File First Amended Complaint*

Federal Rule of Civil Procedure 15(a)(1)(B) provides that a "party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). A responsive pleading, an Answer, was required to Plaintiff's Complaint. Defendants failed to file and serve an Answer and Plaintiff may file and serve a First Amended Complaint. In the alternative, Plaintiff has shown the good cause necessary for the Court to give leave for Plaintiff to file a First Amended Complaint. Fed. R. Civ. P. 15(a)(2). Plaintiff has shown that the First Amended Complaint will raise additional facts and claims with respect to Plaintiff's termination of Defendants' Franchise Agreement and allegedly continuing violations of the Franchise Agreement by Defendants. The Court should allow Plaintiff to file and serve a First Amended Complaint.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 20, 2011          s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record and Defendants on this date.

Dated: June 20, 2011          s/ Lisa C. Bartlett
                              Case Manager